2022 IL App (1st) 201316

FIRST DISTRICT
FIRST DIVISION
May 9, 2022

No. 1-20-1316

| | | |
|---|---|---|
| MARIA STAISZ, M.D., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County, Illinois. |
| | ) | |
| v. | ) | No. 18 CH 06072 |
| | ) | |
| RESURRECTION PHYSICIANS | ) | The Honorables |
| PROVIDER GROUP, INC., an Illinois | ) | Franklin U. Valderrama and |
| Corporation; MSO GREAT LAKES, INC., | ) | Allen Price Walker, |
| a Delaware Corporation; PAUL GHILARDI; | ) | Judges Presiding. |
| JOHN BELLO, M.D.; and DARA ELLINGSON, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE COGHLAN delivered the judgment of the court, with opinion.
Justices Pucinski and Walker concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff-appellant Maria Staisz, M.D., commenced an action against defendants-appellees Resurrection Physician Provider Group, Inc. (RPPG), MSO Great Lakes, Inc. (MSOGL) (corporate defendants), Paul Ghilardi, John Bello, M.D., and Dara Ellingson (individual defendants), for shareholder oppression under section 12.56 of the Business Corporation Act of 1983 (Act) (805 ILCS 5/12.56 (West 2018)) and breach of fiduciary duty, relating to RPPG's termination of her participating physician provider agreement and shareholder status. Staisz appeals the circuit court's dismissal of her complaint for lack of standing under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2018)). For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3            Staisz is a licensed physician in Illinois. RPPG is an independent physician association comprised of approximately 150 contracted physicians that provide medical services to patients in the Chicagoland area. MSOGL, which was formed by RPPG and a group of private equity investors, "manages risk-based insurance contracts on behalf of independent and hospital owned physician organizations."

¶ 4            On April 17, 1985, Staisz became a "participating provider" with RPPG and a shareholder of RPPG pursuant to its bylaws. On March 1, 1997, Staisz entered into a "Participating Primary Care Physician Agreement" (Agreement) with RPPG. Section 9.1.2 of the Agreement was later amended on November 1, 1999,[1] to allow for the termination of a participating provider without cause.

¶ 5            Around 1999, RPPG purchased all shares of MSOGL, resulting in RPPG becoming MSOGL's sole shareholder.[2] Ghilardi served as RPPG's Chief Financial Officer and a director of MSOGL, Bello served as RPPG's Chairman of the Board and an officer of MSOGL, and Ellingson served as RPPG's Chief Operating Officer and a director of MSOGL.

¶ 6            On January 26, 2018, Staisz received a "termination letter," informing her RPPG was terminating her Agreement under the termination without cause provision of section 9.1.2, effective May 1, 2018.[3] The same letter also informed Staisz that her status as a shareholder with RPPG "had been revoked by conclusive determination by the Board of Directors," effective immediately. Under section 2.3 of RPPG's bylaws, an individual's shareholder status was subject

---

[1]Staisz was present at the board meeting where the termination without cause amendment was passed.
[2]Staisz was never a shareholder of MSOGL.
[3]During the period between the passage of the amendment and Staisz's termination, 10 RPPG shareholders were terminated without cause.

to termination for the "shareholder's voluntary or involuntary withdrawal from the Corporation or as otherwise conclusively determined by the Board of Directors." As part of Staisz's termination as a shareholder, RPPG would purchase her shares for $35 per share within 30 days of the letter.[4]

¶ 7        On May 10, 2018, Staisz filed a complaint against defendants, raising, as relevant here, a count for breach of fiduciary duty and shareholder oppression under section 12.56 of the Act. Staisz alleged that the individual defendants breached their fiduciary duties by "operat[ing] MSOGL in a manner that would generate no profits or dividends for its shareholder RPPG" and "used their control of MSOGL to increase compensation to unreasonable levels" for Ghilardi and Ellingson, which denied RPPG's shareholders substantial dividends.[5] As to the shareholder oppression count, Staisz claimed that the individual defendants engaged in "illegal, oppressive and fraudulent conduct" as defined under section 12.56 of the Act by terminating "her as a Participating Provider with RPPG and a shareholder of RPPG" because she "consistently questioned the operations of MSOGL," "requested that financial statements for MSOGL be presented to the board of directors of RPPG," and "threatened to expose" the individual defendants' wrongful conduct.

¶ 8        Defendants moved to dismiss based, in part, on standing grounds, arguing that Staisz lacked standing to bring the breach of fiduciary duty claim because her injury was derivative, rather than individual, and she had no standing to bring the shareholder oppression claim because she was no longer a shareholder of RPPG and was never a shareholder of MSOGL.

---

[4]On April 17, 1985, Staisz purchased 10 shares of RPPG for $250.

[5]Staisz also sought a declaratory judgment "that her termination without cause was invalid because the purported amendment to the [Agreement] under which she was terminated was null and void" and "that her right and eligibility to hold stock in RPPG [were] in full force and effect" because she was improperly terminated. The circuit court granted summary judgment on those counts in favor of defendants, finding that defendants properly terminated Staisz as a RPPG shareholder.

¶ 9    On May 29, 2019, the circuit court granted defendants' motion to dismiss the breach of fiduciary duty count with prejudice for lack of standing and the shareholder oppression count without prejudice for failing "to adequately allege facts in support of this claim." Staisz filed an amended complaint,[6] adding to the shareholder oppression count allegations identifying the purported mismanagement of MSOGL and claiming that "the shareholders of RPPG [had] been denied the right to govern MSOGL in a manner reflecting their determination of RPPG's best interests, including the payment of substantial dividends."

¶ 10    Defendants again moved to dismiss the shareholder oppression count, asserting that Staisz was "a former RPPG shareholder," who "lacks standing to assert a shareholder oppression claim" and contending that "RPPG had no duty to issue dividends under RPPG By-Laws." The circuit court granted the dismissal with prejudice, finding that under section 12.56 of the Act, "you have to be a shareholder in the corporation at the time the lawsuit is filed, and it appears, throughout the continuation of the lawsuit."

¶ 11    II. ANALYSIS

¶ 12    Staisz appeals the circuit court's dismissal with prejudice of her shareholder oppression and breach of fiduciary duty counts for lack of standing.

¶ 13    Standing is a component of justiciability, requiring a party to have "a sufficient stake in the outcome of the controversy." (Internal quotation marks omitted.) *State ex rel. Leibowitz v. Family Vision Care, LLC*, 2020 IL 124754, ¶¶ 26-27. "In Illinois, standing is shown by demonstrating some injury to a legally cognizable interest." *Village of Chatham v. County of Sangamon*, 216 Ill. 2d 402, 419 (2005). An individual "lacking an interest in the controversy has no standing to sue." *Family Vision Care, LLC*, 2020 IL 124754, ¶ 26.

---

[6]Staisz realleged the breach of fiduciary duty count to preserve it for appeal.

¶ 14       Section 2-619(a)(9) of the Code allows dismissal of an action if "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2018). The plaintiff's lack of standing "is an 'affirmative matter' that is properly raised as grounds for involuntary dismissal under section 2-619(a)(9) of the Code [citation]." *Family Vision Care, LLC*, 2020 IL 124754, ¶ 30. A section 2-619 dismissal based on a lack of standing is reviewed *de novo*. *Id.* ¶ 31.

¶ 15       Regarding the shareholder oppression count, Staisz argues that she had standing because "Section 12.56 does not expressly state that the party seeking relief must be a shareholder at the time the action is filed, as opposed to being a shareholder at the time the oppressive action was taken."

¶ 16       Section 12.56 of the Act, titled "Shareholder remedies: non-public corporations," states, in relevant part:

> "(a) *In an action by a shareholder* in a corporation that has no shares listed on a national securities exchange or regularly traded in a market maintained by one or more members of a national or affiliated securities association, the Circuit Court may order one or more of the remedies listed in subsection (b) if it is established that:

> \* \* \*

> (3) The directors or those in control of the corporation have acted, are acting, or will act in a manner that is illegal, oppressive, or fraudulent with respect to the *petitioning shareholder* whether in his or her *capacity as a shareholder*, director, or officer[.]" (Emphases added.) 805 ILCS 5/12.56(a) (West 2018).

Under section 1.80 of the Act (*id.* § 1.80(g)), a " '[s]hareholder' " is defined as "one who *is* a holder of record of shares in a corporation." (Emphasis added.)

¶ 17    In interpreting the language of section 12.56 of the Act, we are guided by the fundamental rule of statutory interpretation, which is "to ascertain and give effect to the legislature's intent, and the best indicator of that intent is the statutory language, given its plain and ordinary meaning." *Family Vision Care, LLC*, 2020 IL 124754, ¶ 34. Statutory language that is clear and unambiguous "is given effect as written without resort to other aids of statutory interpretation." *Id.* In doing so, "[e]ach word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous." *Id.* ¶ 35. We will not read into the plain language of the statute "exceptions, limitations, or conditions that conflict with the expressed intent of the legislature." *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 56.

¶ 18    We interpret the clear and unambiguous language of section 12.56(a) of the Act as requiring an individual to be a shareholder when commencing an action seeking "shareholder remedies." Staisz's proposed interpretation that a former or nonshareholder may bring an action seeking relief under section 12.56 of the Act is refuted by the reasonable and ordinary meaning of the phrase "in an action by a shareholder" and directly contradicts the Act's definition of "shareholder." Because the designation of "shareholder" is expressly delineated to be an individual "who is," not who is or was, "a holder of record of shares in a corporation," the remedies provided in section 12.56 of the Act must apply exclusively to an action by "a holder of record of shares in a corporation." To adopt Staisz's interpretation that section 12.56 of the Act affords relief to individuals who are *not* shareholders at the time the action was commenced requires this court to render superfluous the first clause of subsection (a), stating "in an action by

a shareholder," which we cannot do under the well-established canons of statutory interpretation. See *Family Vision Care, LLC*, 2020 IL 124754, ¶ 35.

¶ 19     As support for her position, Staisz argues that "Defendants cited no case under Section 12.56 holding that a shareholder, like Plaintiff in this case whose shareholder status was revoked as part of the scheme of oppression, loses the right to proceed under Section 12.56 when her shares are revoked." We do not find the absence of any such case surprising, given the statute's clear language, stating "in an action by a shareholder." See *Donahue v. Demma*, 2021 IL App (1st) 201279-U, ¶ 93[7] (finding an individual had no standing to bring an action for breach of fiduciary duty and shareholder oppression under sections 12.56(a)(3), (a)(4), and 12.56(d) of the Act because he was not a shareholder). Nothing in section 12.56 of the Act precludes a former or nonshareholder from pursuing any other available remedy; rather, that statutory provision provides the remedies available to "the petitioning shareholder" in "an action by a shareholder" of a closely held corporation. See, *e.g.*, *Osaghae v. Oasis Hospice & Palliative Care, Inc.*, 2021 IL App (1st) 200515, ¶ 1 (a current shareholder of a closely held corporation commenced an action seeking resolution to the existing shareholder deadlock).

¶ 20     Here, Staisz was not "a holder of record of shares in a corporation" and cannot establish her status as a "petitioning shareholder" entitled to the enumerated "shareholder remedies" provided in section 12.56 of the Act. Because Staisz was not a "shareholder" when she commenced her action for shareholder oppression under section 12.56 of the Act, she lacked standing to pursue that claim. Therefore, the circuit court properly dismissed her action for lack of standing.

---

[7]This decision was issued after the parties filed their briefs and is cited only for persuasive purposes under Illinois Supreme Court Rule 23(e) (eff. Jan. 1, 2021).

¶ 21        Regarding the dismissal of her breach of fiduciary duty count, Staisz argues "the gravamen of [her] complaint is that the termination of her Participating Provider Agreement and the revocation of her stock, which are individual injuries to her, were part and parcel of Defendants' shareholder oppression scheme." She claims she had standing to pursue the breach of fiduciary duty claim because those injuries were individual to her and not a derivative claim that belonged to the corporation or all shareholders.

¶ 22        Staisz's standing to bring the breach of fiduciary duty claim depends on the classification of that claim as either individual or derivative. In deciding whether a claim is individual or derivative, a court first determines "if the 'gravamen' of the pleadings states injury to the plaintiff upon an individual claim as distinguished from an injury which indirectly affects the shareholders or affects them as a whole." *Zokoych v. Spalding*, 36 Ill. App. 3d 654, 663 (1976). Reaching that determination "requires a strict focus on the nature of the alleged injury, *i.e.*, whether it is to the corporation or to the individual shareholder that injury has been done." *Sterling Radio Stations, Inc. v. Weinstine*, 328 Ill. App. 3d 58, 62 (2002). The same set of facts may give rise to both an individual and a derivative claim where a shareholder has suffered an injury different from his fellow shareholders. *Davis v. Dyson*, 387 Ill. App. 3d 676, 690 (2008).

¶ 23        Here, Staisz's breach of fiduciary duty claim is derivative. She pled an indirect injury in the form of lost dividends and diversion of corporate funds to pay the salaries of certain MSOGL directors, instead of distributing funds to RPPG for the ultimate benefit of all RPPG shareholders. Those claimed losses were indirect losses common to all RPPG shareholders, not direct, personal losses to Staisz. See *RS Investments Ltd. v. RSM US, LLP*, 2019 IL App (1st) 172410, ¶ 37 (mismanagement causing corporate waste is a wrong to the corporation); *Sarno v. Thermen*, 239 Ill. App. 3d 1034, 1048-49 (1992) (diminished share value is a byproduct of an injury to the

entity). Likewise, Staisz's claim that MSOGL failed to elect the board of directors and conducted no shareholder or board of director meetings were not injuries individual to her.

¶ 24    Although Staisz claims that the invalid termination of her Agreement and shareholder status were direct injuries individual to her, those alleged injuries related to her shareholder oppression action under the Act. In contrast, Staisz's breach of fiduciary duty allegations related to defendants' operation of MSOGL, which she claimed resulted in "financial loss" to her. The gravamen and true nature of the alleged breach of fiduciary duty was an injury to RPPG, as MSOGL's sole shareholder, and constituted a "wrong to the corporate body" but not a direct, individual injury to her. See *Weinstine*, 328 Ill. App. 3d at 62 (the relevant consideration is "whether it is to the corporation or to the individual shareholder that injury has been done").

¶ 25    Turning to whether Staisz had standing to bring the derivative breach of fiduciary duty claim, "the law in Illinois is well-settled that, to bring a derivative claim, the plaintiff must have been a shareholder at the time of the transaction of which he complains *and must maintain his status as a shareholder throughout the entire pendency of the action.*" (Emphasis in original.) *Stevens v. McGuireWoods LLP*, 2015 IL 118652, ¶ 23. Because it is undisputed that Staisz was not "a shareholder throughout the entire pendency of the action," she had no standing to bring the derivative breach of fiduciary duty claim. Therefore, the circuit court properly dismissed this count with prejudice. See *Demma*, 2021 IL App (1st) 201279-U, ¶ 93 (an individual did "not ple[a]d sufficient facts establishing himself as a shareholder, and thus lack[ed] standing to bring both individual and derivative claims on behalf of [the corporation]").

¶ 26    Because we find that Staisz lacked standing to pursue her action, we need not determine whether her complaint otherwise stated a cause of action for shareholder oppression and breach of fiduciary duty.

¶ 27                                III. CONCLUSION

¶ 28          Staisz's shareholder oppression and breach of fiduciary duty counts were properly dismissed based on her lack of standing.

¶ 29          Affirmed.

No. 1-20-1316

| | |
|---|---|
| **Cite as:** | *Staisz v. Resurrection Physicians Provider Group, Inc.*, 2022 IL App (1st) 201316 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 18-CH-06072; the Hon. Franklin U. Valderrama and the Hon. Allen Price Walker, Judges, presiding. |
| **Attorneys for Appellant:** | Anthony S. DiVincenzo and John Wickert, of Lustig & Wickert, P.C., of Northbrook, for appellant. |
| **Attorneys for Appellee:** | Jacob D. Radecki and Christopher F. Allen, of McDonald Hopkins LLC, of Chicago, for appellees. |